HIRAM HIGGINS *vs.* JESSE RINES.

Penobscot. Opinion July 22, 1881.

*Costs. Reference. R. S., c. 82, § § 107, 21.*

A pending action, in which there was an account filed in set-off and an offer to be defaulted was referred by rule of court, and the referee found the plaintiff's claim was reduced by set-off below twenty dollars; and the amount found due being less than the offer to be defaulted the referee referred the

question of costs to the court to be determined on legal principles; *Held*, that the plaintiff was entitled to full costs to the day of the offer to be defaulted, and the defendant to full costs since the date of such offer.

ON EXCEPTIONS.

Assumpsit on account annexed. Writ dated March 11, 1880, entered at the October term, 1880.

On the first day of the return term the defendant filed an account in set-off, and an offer to be defaulted for fifty dollars.

The action was referred by a rule of court, which stated among other things :

"The parties appear and agree to refer this action to the determination of Charles B. Brown, of Bangor."

The material portion of the report of the referee with the ruling of the court thereon, to which the exception was taken, is stated in the opinion.

*A. L. Simpson* and *H. W. Mayo*, for the plaintiff.

The parties agreed to refer "this action," and the rule was issued upon that agreement; that placed the whole matter of costs as well as damages in the hands of the referee. It annulled all the rights of the defendant arising from the offer of default.

The referee awarded the plaintiff five dollars and fifteen cents damages "and *costs of court* and costs before referee as per certificates to be taxed by the court." This report entitled him to full costs. R. S., c. 82, § 107 ; *Brown* v. *Keith*, 14 Maine, 396 ; *Moore* v. *Heald*, 7 Mass. 467 ; *Nelson* v. *Andrews*, 2 Mass. 164. There was nothing in the report indicating any costs for defendant.

*Barker, Vose and Barker*, for the defendant.

APPLETON, C. J. The referee, to whom this action was referred by rule of court, awarded the plaintiff "five dollars and fifteen cents as damages and costs of court, and costs before the referee. . . . to be taxed by the court," concluding his award with the following words : "I further find the plaintiff's claim is reduced below twenty dollars by the amount in set-off; and there having been an offer to be defaulted for fifty dollars, I leave the question of costs to the court to be taxed in accordance with the legal rights of the parties."

The justice presiding ruled that the plaintiff was entitled to full costs up to the day of the offer by the defendant to be defaulted, and no more ; and that the defendant was entitled to full costs since the date of his offer. To this ruling the plaintiff alleged exceptions.

By R. S., c. 82, § 107, "On reports of referees, full costs *may* be allowed, unless the report otherwise provides." Here the report "otherwise provides." The referee instead of leaving the question of costs as left by the statute, or making a special decision in "relation" thereto, states certain facts, abstains from deciding as to the costs, and submits the question to the court.

By § 108, in case of set-off, the plaintiff is entitled to full costs, where the damages are reduced below twenty dollars by reason of the amount allowed in set-off.

But in this case, besides the amount in set-off, there was an offer to be defaulted, the amount in set-off still remaining. A time was fixed for the acceptance of the offer, but it was not accepted within the time limited.

By R. S., c. 82, § 21, "If the plaintiff fails to recover a sum as due at the time of the offer, greater than the sum offered, he recovers such costs only as accrued before the offer, and the defendant recovers costs accrued after that time."

The ruling was in accordance with the provisions of this section. The plaintiff refused an offer which exceeded the sum recovered. The equity is with the defendant. No reason is perceived why this provision is not equally applicable, when the case is referred after the offer, as when the amount due is found by a verdict. It is the penalty imposed for non-acceptance, when all that is due, is offered.

*Exceptions overruled.*

BARROWS, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.